| | |
|---|---|
| 1 | ROBERT P. VARIAN (SBN 107459) |
|   | Email: rvarian@orrick.com |
| 2 | JAMES N. KRAMER (SBN 154709) |
|   | Email: jkramer@orrick.com |
| 3 | ALEXANDER K. TALARIDES (SBN 268068) |
|   | Email: atalarides@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | The Orrick Building |
| 5 | 405 Howard Street |
|   | San Francisco, CA 94105-2669 |
| 6 | Telephone: (415) 773-5700 |
|   | Facsimile: (415) 773-5759 |
| 7 | |
| 8 | Attorneys for Defendants Electronic Arts Inc., Andrew Wilson, Blake J. Jorgensen, Peter Robert Moore, and Frank D. Gibeau |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ELECTRONIC ARTS, INC. SECURITIES LITIGATION | Master File No. 3:13-cv-05837-SI |
| | CLASS ACTION |
| This Document Relates To: | **NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CONSOLIDATED COMPLAINT** |
| ALL ACTIONS | |
| | Date: March 20, 2015 |
| | Time: 9:00 a.m. |
| | Judge: Honorable Susan Illston |
| | Courtroom: 10, 19th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 20, 2015, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Susan Illston, at 450 Golden Gate Avenue, San Francisco, California, Defendants Electronic Arts Inc. ("EA"), Andrew Wilson, Blake J. Jorgensen, Peter Robert Moore, and Frank D. Gibeau (collectively, "Defendants") will and hereby do move the Court for an order dismissing Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"). This motion is made pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), on the grounds that the Amended Complaint fails to state a claim and fails to comply with Rule 9(b) and the Reform Act.

The motion is based on this Notice and the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice and exhibits attached thereto; the papers on file in the action; argument of counsel at the hearing; and other such matters as may be judicially noticed or come before the Court at the hearing on this matter.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiffs' claims under Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)") should be dismissed because:

   a. The purported misstatements cited in the Amended Complaint have already been adjudicated to be inactionable as a matter of law under the federal securities laws because they are vague statements of opinion, optimism, and puffery;

   b. Plaintiffs' filing of an amended complaint based solely on alleged misstatements that the Court has held are inactionable as a matter of law violates the grant of leave to amend set forth in the Order dismissing the prior complaint, which was "to allege actionable misstatements" (Dkt. No. 45 at 13);

      c.    Plaintiffs' reliance on alleged misstatements that the Court has held are inactionable as a matter of law is barred by the law of the case doctrine; and

      d.    Statements that have been adjudicated to be legally inactionable cannot be resurrected via additional factual allegations.

2. Whether Plaintiffs' Section 10(b) claims should be dismissed because:

      a.    Plaintiffs have failed to allege that the purported misstatements cited in the Amended Complaint were false or materially misleading with the requisite particularity, including the reasons why the statements at issue are purportedly false or misleading;

      b.    The allegations of the Amended Complaint and the documents on which it relies demonstrate that the alleged misstatements were not false, materially misleading or fraudulent at the time they were made;

      c.    Plaintiffs fail to plead facts giving rise to a strong inference of scienter, as required by the Reform Act, because their allegations lack the specificity and corroboration necessary to support a strong inference of fraudulent intent;

      d.    The theory of fraud on which the Amended Complaint is based is fundamentally irrational, and cannot support a strong inference of scienter irrespective of specificity; and

      e.    Plaintiffs fail to plead facts giving rise to a strong inference of scienter because their allegations do not support a strong inference of fraudulent intent under the weighing analysis mandated by the Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

3. Whether Plaintiffs' claims under Section 20(a) of the Securities Exchange Act of 1934 should be dismissed because Plaintiffs have failed to allege that Defendants committed a primary violation of Section 10(b) or were responsible for or controlled the specific transaction or activity upon which the claims are predicated.

1 | Dated: January 15, 2015        ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert P. Varian*
Robert P. Varian
Attorneys for Defendants
Electronic Arts, Inc., Andrew Wilson, Blake J. Jorgensen, Peter Robert Moore, and Frank D. Gibeau

3

NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CONSOLIDATED COMPLAINT - (MASTER FILE NO. 3:13-CV-05837-SI)